IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CALVIN PATILLAR,**

        **Petitioner,**

v.                                                      Civil Action No. 3:19-CV-118
                                                            (GROH)

**C. GOMEZ, Warden,**
        **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On July 24, 2019, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner filed an amended petition on June 21, 2021, and a motion to file a second amended petition on November 8, 2021, which was ordered filed on December 17, 2021. ECF Nos. 16, 17, 19. Petitioner is a federal inmate housed at FCI Gilmer who is challenging the validity of his sentence imposed in the United States District Court for the Northern District of Oklahoma.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed without prejudice.

## II. FACTUAL AND PROCEDURAL HISTORY[1]

### A. Conviction and Sentence

On December 3, 2008, a grand jury in the Northern District of Oklahoma, case number 4:08-CR-197, issued an indictment which charged Petitioner with: (1) in Count 1, robbery, in violation of 18 U.S.C. § 1951; and (2) discharge or possession of a firearm in furtherance of a crime of violence as charged in Count 1, in violation of 18 U.S.C. § 924(c). ECF No. 2. On January 28, 2009, Petitioner entered a plea of a guilty as to both counts of the indictment. ECF No. 54. Petitioner was sentenced on April 29, 2009, to a total of 300 months of imprisonment. ECF No. 71. In a later proceeding, the district court summarized the sentencing proceedings:

> [T]he United States Probation Office prepared a Presentence Investigation Report ("PSR") as to Defendant, in which it was recommended he be classified as a career offender under the United States Sentencing Guidelines ("Guidelines"). (PSR ¶ 20). Defendant was classified as a career offender because (1) the offense of conviction in Count One was a felony crime of violence committed when he was at least eighteen years old and (2) he had at least two prior felony convictions for crimes of violence. (PSR ¶ 20). Defendant's predicate career offender convictions were (1) two convictions for Robbery with Firearms (Oklahoma County Case Nos. CRF-84-5667 and CRF-84-5543); and (2) Larceny from the Person (Tulsa County Case No. CF-97-3952). (PSR ¶¶ 20, 24, 25, 29). Defendant's two robbery convictions were treated as one prior sentence for purposes of the career offender enhancement.
>
> Defendant was sentenced on April 29, 2009. At sentencing, the Court overruled Defendant's objections and adopted the PSR without change. (Dkt. 69 (Minute Sheet – Sentencing)). The Court sentenced Defendant to imprisonment for 180 months on Count One and 120 months on Count Two, with the terms running consecutive to each other—a total sentence of 300 months.

---

[1] All CM/ECF references in facts sections II.A, II.B., and II.C., refer to entries in the docket of Criminal Action No. 4:08-CR-197, in the Northern District of Oklahoma.

ECF No. 245 at 2.

### B. Direct Appeal

On May 1, 2009, Petitioner filed a notice of appeal, which was later docketed by the Tenth Circuit as docket number 09-5067. ECF Nos. 72, 74. Petitioner raised two challenges in his appeal: (1) that his prior offense of larceny from the person was not sufficiently purposeful, violent, and aggressive to be a crime of violence and (2) that his prior robbery offense was too stale to be a crime of violence because he would have served his entire term of imprisonment for that offense more than 15 years before committing his federal offenses had Oklahoma acted with the requisite diligence in revoking his probation. ECF No. 101, United States v. Patillar, 595 F.3d 1138, 1139 (10th Cir. 2010). The Tenth Circuit reviewed the district court's interpretation of the guidelines and affirmed the decision of the district court. Further, the Tenth Circuit found that the district court properly determined that the predicate offenses used to identify Petitioner as a career offender, larceny from the person, and robbery with firearms, were crimes of violence. 595 F.3d at 1140.

On June 21, 2010, the United States Supreme Court denied certiorari. ECF No. 110, Patillar v. United States, 561 U.S. 1011 (2010).

### C. Post-Conviction Relief: Motions to Vacate Under 28 U.S.C. § 2255

On August 5, 2015, Petitioner filed a motion to vacate his conviction, in a case also docketed as 4:15-CV-437. ECF No. 198. A supplement to the motion to vacate was filed on August 10, 2015, which alleged that (1) the Armed Career Criminal Act (ACCA) is unconstitutional, rendering his sentence enhancement invalid; (2) the offenses which resulted in his ACCA enhancement were improper predicate

3

offenses. ECF No. 200. On March 30, 2017, Petitioner filed a motion to withdraw his motion to vacate, and on April 19, 2017, Petitioner filed a second motion to withdraw the petition. ECF Nos. 227, 230. The second motion conceded, "After extensive research efforts, [Petitioner] has to come to the conclusion and agrees with the government's foregone conclusion in their response [ ] that [Petitioner] does not have a 'Johnson' claim, nor does the 'Johnson' holding apply to Career Criminal Offenders." ECF No. 230. Accordingly, on April 25, 2017, the district court granted Petitioner's motion to withdraw his motion to vacate. ECF No. 231.

Petitioner filed another motion to vacate pursuant to 28 U.S.C. § 2255 on June 21, 2017, in a case also docketed as 4:17-CV-356. ECF No. 235. By order entered June 4, 2018, the district court denied Petitioner's motion to vacate, and addressed his argument for relief pursuant to Mathis v. United States, 136 S.Ct. 2243 (2016). ECF Nos. 245, 246. In its denial of Petitioner's motion, the court stated that Petitioner's claim was without merit because "[t]he Tenth Circuit has since stated in an unpublished opinion that *Mathis* did not announce a new rule under § 2255(f)(3), and it does not have retroactive application to cases on collateral review." ECF No. 245 at 5. Further, the court found that "Defendant's voluntary withdrawal, though not dismissed by court action on the merits, operates as a decision on the merits for purposes of AEDPA," and thus the June 21, 2017, motion to vacate was an unauthorized second or successive motion. Id. at 6. Finally, the court found that Petitioner's June 21, 2017, motion to vacate was untimely under 28 U.S.C. § 2255(f). Id. at 8 – 10.

Thereafter, on December 17, 2018, the Tenth Circuit denied Petitioner's

request for authorization to file a second or successive motion to vacate pursuant to § 2255.  ECF No. 251.

### D. Claims in Instant § 2241 Petition

The instant § 2241 second amended petition filed with the Court states a single[2] ground for relief, that challenges Petitioner's career offender sentence enhancement under § 924(c), in light of United States v. Simms, United States v. Davis and Sessions v. Dimaya.  ECF No. 19 at 5.  For relief, Petitioner requests this court vacate his career offender and 924(c) sentence and order him to be re-sentenced without those enhancements to the "guideline range".  Id. at 8.

In his memorandum supporting his petition, Petitioner asserts that he faced a sentenced of 63 to 83 months of incarceration prior to his enhancement which resulted in a 300 month sentence.  Id. at 11.  Among other arguments, Petitioner asserts that Dimaya held that "a statute that suffers from the same vagueness as the ACCA's[3] residual clause is equally unconstitutional."  Id. at 14 – 15.  Based on that reading, Petitioner argues that because his "prior conviction for larceny of [a] person's property do[es] not fall within the Force Clause of the Career Offender definition, because this case be accomplished with no force, intimidation or even someone present, there is no possibility of injury, and is therefore vague."  Id. at 15.

---

[2] Although Petitioner used the space provided for two claims in the second amended petition, the first claim asserts "improper sentencing", and the second claim asserts "savings clause".  ECF No. 17-1 at 5 – 6.

[3] A review of Petitioner's conviction and sentence records shows that he was not sentenced as an Armed Career Criminal, but rather under the Career Offender provision of the United States Sentencing Guidelines, § 4B1.1. However, the ACCA and Guidelines share identical language in 18 U.S.C. § 924(e)(2)(B)(ii) and Guidelines § 4B1.2(a)(2).

Petitioner next argues that under the holdings of Davis and Dimaya, the crime of violence definition contained in § 924(c)(3), is void for vagueness. Further, Petitioner argues that he is entitled to seek relief under the savings clause of § 2255(e). Petitioner's memorandum addresses the Wheeler[4] standards, and asserts that Petitioner meets all four prongs of the Wheeler test. As to the second prong of the test, Petitioner argues that based on the claimed retroactivity of the holding of Welch v. United States, 136 S.Ct. 1257 (2016), that his prior offense of larceny of a person's property is no longer a crime of violence for purposes of the career offender enhancement under United States Sentencing Guidelines § 4B1.2(a). Id. at 19.

### III. LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines

---

[4] United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018).

6

v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

## IV.   ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a §

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

7

2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[6] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[7] and the standard is an exacting one.  The Fourth Circuit has

---

[6] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[7] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

9

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

In the sole ground for relief articulated in the petition, Petitioner claims that his sentence imposed under 18 U.S.C. § 924 was invalidated, and that he meets the Wheeler tests to challenges his sentence in a § 2241 proceeding. ECF No. 19 at 5 – 6, 8. In his request for relief, Petitioner asks the Court to "vacate the career offender and 924(c) enhancement" and resentence him without the enhancements. Id. at 8.

Because Petitioner's direct appeal rights have expired and Petitioner has already filed at least one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. Because Petitioner's argument does not rely on newly discovered evidence or an applicable new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. In any challenge to his conviction[8] raised under § 2241,

---

[8] Although Petitioner indicated on the first page of the Court-approved form that he challenged both his conviction and his sentence, he does not specifically make any arguments which challenge his conviction.

10

Petitioner must meet all three prongs of the Jones test to challenge his conviction for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first and third prongs of the Jones test, he cannot meet the second prong. Subsequent to Petitioner's direct appeal and first section 2255 motion, the substantive law related to the conduct of which Petitioner was convicted has not changed so that Petitioner's conduct is no longer deemed to be criminal. The crimes Petitioner was convicted of committing—robbery, in violation of 18 U.S.C. § 1951, and discharge or possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)[9]—are still violations of law. Therefore, Petitioner cannot satisfy the second prong of Jones. Consequently, because Petitioner in attacking the validity of his conviction fails to establish that he meets the Jones requirements, he has not demonstrated that a section 2255 petition is an inadequate or ineffective remedy, and he cannot meet the savings clause.

As to the challenge to his sentence, Petitioner seeks to be resentenced "without the 924(c) enhancements. ECF No. 1 at 11. Petitioner was convicted of three violations of § 924(c) and sentenced under subparagraph § 924(c)(1)(A)(iii). Because Petitioner's direct appeal rights have expired, he may seek leave to file a § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. But Petitioner's argument does not rely on newly discovered evidence or an applicable new rule of constitutional law, and relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.

---

[9] Although United States v. Davis, 139 S.Ct. 2319 (2019), invalidated the residual clause of § 924(c)(3)(B), it did not invalidate § 924(c)(1)(A)(iii), under which Petitioner was convicted. See N.D. Okla. 4:08-CR-197, ECF No. 101 at 5; U.S. v. Patillar, 595 F.3d at 1139.

Because Petitioner is challenging his sentence in a § 2241, he must meet four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

Even if Petitioner meets the first prong of Wheeler, Petitioner cannot meet the second prong, which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review. To the extent that United States v. Davis, 139 S.Ct. 2319 (2019), invalidated § 924(c), that decision only invalidated the residual clause contained within § 924(c)(3)(B), which is not implicated in Petitioner's sentence. Instead, Petitioner's sentence was properly imposed under § 924(c)(1)(A)(iii), which remains in effect after Davis. Therefore, Petitioner fails to satisfy the second clause of the second prong of the Wheeler test. Moreover, as the substantive law regarding § 924(c)(1)(A)(iii) has not changed, there is nothing to apply retroactively on collateral review, and Petitioner has failed to satisfy the third clause of the second prong of the Wheeler test. Accordingly, Petitioner fails to meet the second requirement of Wheeler, and the undersigned need not address the third and fourth prongs of Wheeler. Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his challenge to his sentence may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: December 20, 2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE